Herman L. BARLOW, Plaintiff in Error,

v.

Bill H. WINTERS and Travelers Indemnity Company, a Connecticut Corporation, Defendants in Error.

No. 40666.

Supreme Court of Oklahoma.

March 9, 1965.

**160** ◼ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Grigsby & McWilliams, by W. A. McWilliams, Oklahoma City, for plaintiff in error.

Monnet, Hayes, Bullis, Grubb & Thompson, by John T. Edwards, Oklahoma City, for defendant in error, Travelers Indemnity Co.

PER CURIAM.

The parties to this appeal occupy the same position in which they appeared in the trial court and will hereinafter be referred to by name or by their trial court designations.

Plaintiff sought recovery for damage to his automobile arising out of a collision with Oklahoma County's tractor operated by the defendant, Winters, its employee. A road sweeper was being pulled by the tractor at the time of the collision, the purpose of the operation being to brush gravel back onto the traveled portion of the county road.

It was plaintiff's theory, and his allegation, that the damage was proximately caused by Winters' negligent operation of the tractor, which damage was expressly promised to be paid for by the insurance policy issued by the defendant, Travelers Indemnity Company, hereinafter referred to merely as "Travelers".

The insurance policy was issued pursuant to Tit. 11 O.S.1961, § 16.1, which in part provides as follows:

"The governing board or body of any county, city, town, school district or soil conservation district owning motorized movable equipment and lawfully operating or moving the same upon any highway, road, street or alley is hereby authorized to and may, at its option, purchase insurance for the purpose of paying damages to persons sustaining injuries or damages to their properties *proximately caused by the negligent operation of* motor vehicles or *motorized equipment* in the course of their operation as such. * * *." (Emphasis added).

Defendants answered plaintiff's petition with general denials and the plea of contributory negligence, but they admitted that the accident occurred at the time and place alleged.

In the trial, at the conclusion of plaintiff's evidence, the trial court sustained a demurrer to it on the part of Travelers, on the following ground:

"* * * that the defendant, Bill H. Winters, was engaged in a proprietary function on behalf of Oklahoma County, and that under 11 O. S. A. Section 16.1 The Travelers Indemnity Company is not a proper party to this action."

Immediately thereafter, the defendant, Winters, rested, without introducing any evidence, and the cause was thereupon submitted to the jury which returned a general verdict for said defendant. Judgment was rendered accordingly.

The motion for new trial sought that relief on the ground of the court's alleged error in sustaining Travelers' demurrer to plaintiff's evidence. This appeal likewise presents only that assignment of error.

◼ The verdict and judgment can only be regarded as a determination, on the basis of all of the evidence introduced, that said evidence established no cause of action for negligence against the defendant, Winters. The burden was on the plaintiff to prove to the satisfaction of the jury that there was negligence on the part of said defendant proximately causing plaintiff's damage. No adjudication of any liability against Travelers could have correctly been accomplished in this action without such a determination.

◼ In view of the absence of such a necessary prerequisite herein, it is impossible to see how the plaintiff was legally prejudiced by the action of the court in sustaining Travelers' demurrer, even though there may be questions, such as are raised in plaintiff's brief, as to the soundness of the ground upon which that ruling was based.

Title 12 O.S.1961, § 78, provides:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

In view of what we have herein said, the trial court's ruling on Travelers' demurrer cannot be regarded as affecting plaintiff's "substantial rights." Therefore, under the above quoted statute, said ruling did not constitute cause for reversal. Judgment of the trial court is accordingly affirmed.

HALLEY, C. J., JACKSON, V. C. J., and JOHNSON, WILLIAMS, BLACKBIRD and IRWIN, JJ., concur.

DAVISON, J., concurs in result.

BERRY, J., dissents.

