HELMERICH & PAYNE, Inc., v. NUNLEY.

No. 25488.   June 4, 1935.

Rehearing Denied Oct. 15, 1935.

Application for Leave to File Second Petition
for Rehearing Denied March 10, 1936.

Warren K. Snyder and Jarman & Brown, for plaintiff in error.

Morrison, Morrison & Morrison and D. D. Jennings, for defendant in error.

CORN, J. This is an action brought by Cecil Nunley, a minor, by A. M. Nunley, his father and next friend, as plaintiff, against Helmerich & Payne, Inc., a corporation, as defendant, in the district court of Oklahoma county, to recover damages for personal injuries which plaintiff claims he received by and through the negligence of the defendant's agent, servant, and employee in the operation of an automobile truck on the 1st day of March, 1933. The trial of the cause resulted in a verdict of the jury and a judgment of the court thereon for the plaintiff in the sum of $7,500, and the defendant appealed the cause to this court for a reversal of said judgment. For convenience the parties plaintiff and defendant will be referred to herein as they appeared in the court below.

Plaintiff alleges that he was struck and seriously injured by a heavy timber projecting about two feet over the side of defendant's truck as he was walking along the south side of the pavement and about one or two feet off the edge thereof, and was overtaken and passed by the truck at a point in the 1500 block on Southeast 29th street in Oklahoma City, at about 10:30 o'clock at night on said 1st day of March, 1933; that the projecting timber struck the back of his head and shoulders causing a basal fracture of the skull and a serious injury to the brain, and that by reason of said injuries he was totally and permanently

disabled from the performance of labor; that at the time of his injury he was 14 years of age; and claimed damages in the sum of $42,500. Defendant answered by a general denial, and as a defense charged contributory negligence on the part of the plaintiff.

The defendant argues its various assignments of error under seven propositions, which will be considered in the order set forth in its brief.

First proposition: The court committed prejudicial error in giving its instruction No. 12 to the jury: (1) The statute upon which the instruction is predicated has no application to the truck operated as defendant operated trucks at the time of the alleged injury. (2) Even though the statute upon which the instruction is predicated applied to the defendant's truck, as operated, there is neither such allegation in the plaintiff's petition nor evidence submitted at the trial that would authorize such instruction.

Instruction No. 12, given at the request of plaintiff and duly excepted to by the defendant, is as follows:

"You are instructed by the laws of the state of Oklahoma that a freight carrying motor vehicle using the highways is not permitted or allowed to have its load, or any part thereof, project more than six inches beyond the running board of such vehicle, and that if said defendant violated this rule it is negligence as a matter of law, and if you find from the evidence that the defendant was negligent in this respect and that such negligence was a proximate cause of the injuries, if any, which the plaintiff, Cecil Nunley, sustained, then your verdict should be for the plaintiff, unless you find for the defendant under other instructions given you."

Second proposition: The court committed error in giving its instruction No. 11 to the jury.

We will consider the first and second propositions together, as they relate to instructions predicated upon similar statutes and upon the same allegations and the same evidence. Instruction No. 11, given at the request of plaintiff and excepted to by defendant, is as follows:

"You are further instructed that the statutes of this state provide that 'no motor or other power vehicle or object may be moved on any public highway of a greater width than ninety (90) inches.'

"And you are instructed that the driving or operation of a motor vehicle in violation of the foregoing statute would be negligence."

Paragraph 3 of plaintiff's petition is as follows:

"(3) That on said 1st day of March, 1933, at about the hour of 10:30 p. m., on said day, this plaintiff was walking east on the south side of and about one or two feet south of the south edge of the pavement in the 1500 block on S. E. 29th street in Oklahoma City, and when reaching said point, and while walking in an easterly direction off of the pavement on the south side of said street, said plaintiff was negligently and carelessly struck and seriously injured by an automobile of the said defendant; the said automobile, at the time of said plaintiff's injury, was being driven by defendant's employee in the course of his employment in an easterly direction; that the said automobile had loaded on the bed thereof two large pieces of timber, said automobile and load being more than 90 inches wide, and one of said pieces of timber being a 12" x 12" pine timber and said timber was protruding south from the south edge of the bed of said truck about two feet; that when said truck, as aforesaid, was passing this said plaintiff who was off of the pavement to the south at said time, said plaintiff was negligently and carelessly struck in the back of the head and shoulders by the said large timber which was protruding south off of the bed of defendant's truck; that on being struck by the large piece of timber, this plaintiff was seriously and permanently injured, all of which will be hereinafter specifically set out."

Paragraph 5 of plaintiff's petition, detailing the nature of the injuries alleged to have been sustained by the plaintiff, is as follows:

"(5) Plaintiff alleges that as a result of the carelessness and negligence of the above said defendant, as hereinbefore stated, he has suffered permanent and serious bodily injuries as follows:

"Plaintiff received basal fracture of the skull and a serious and resulting injury to the brain, compression of the brain by hemorrhage, serious injury to the upper portion of the spinal column, fracture of the middle cranial fossa rupture of the tympanum, and resulting loss of hearing in the left ear, a partial paralysis of the lower extremities; that said plaintiff was injured internally, the exact nature of said internal injury being unknown to plaintiff; that by reason of the aforesaid injuries this plaintiff has been totally and permanently disabled from the performance of labor; that plaintiff's age at the time of said injury was 14 years: that by reason of the aforesaid injuries this plaintiff has suffered severe pain, both mental and physical, and will

continue to suffer such severe pain in the future."

Apparently instruction No. 12 is predicated upon section 3698, O. S. 1931, which provides in subdivision "d" of said section that:

"On freight carrying motor carrier units, no part of the load shall be allowed to project more than six inches beyond the running board of said motor vehicle, or measure more than eight feet wide over all."

This section of the statute applies to motor vehicles operated upon the highways for hire which are classified as class "A", class "B", and class "C" motor carriers, and which are subject to regulation by the Corporation Commission. The plaintiff undertook to establish at the trial that the truck in question was operated as class "C" motor carrier, but the evidence disclosed that the truck was operated by the defendant in the conduct of its private business, and not for hire, and, therefore, under the ruling of this court in Collins-Dietz-Morris Co. v. State Corporation Commission, 154 Okla. 121, 7 P. (2d) 123, the foregoing statute has no application to said truck, as it was operated by the defendant.

The public safety and convenience require that reasonable restrictions be placed on the use of the public highways of the state, and the Legislature, acting under the police powers inherent in the state, has enacted a general statute restricting the use of the public highways by all motor or other power vehicles with reference to the width of same, and with reference to the width of other objects which may be moved on any public highway. This restriction is embodied in section 10316, O. S. 1931, which in part reads as follows:

"No vehicle shall travel or object be moved on any hard surfaced or paved public highway which has any device attached to or made a part of its wheels or the rollers or other supports on which it rests, which will injure the surface of the highway; nor shall any vehicle travel or object be moved on any public highway which with its load weighs more than fourteen (14) tons; provided, however, that the gross weight of any motor truck shall not exceed ten (10) tons and **no motor or other power vehicle or object may be moved on any public highway of a greater width than ninety (90) inches** except traction engines which may have a width of one hundred and ten (110) inches, except in the discretion of the board or officers having charge of any such public highway, a written permit may be granted for the moving of houses or other large objects which would not injure the public highways, under such rules and regulations as such board or officers may prescribe. * * *"

This statute is applicable alike to classified motor carriers which are operated under permit from the Corporation Commission as common carriers and to all other motor or power vehicles operated for private use. In other words, 90 inches is the maximum width of motor or other power vehicles, except traction engines, allowed by law to be operated upon any public highway in this state, and 90 inches is the maximum width of any load which may be transported by any such vehicles on any public highway of this state without a special permit from the proper authorities. Subdivision (d) of section 3689, O. S. 1931, supra, is invalid in so far as it exceeds the maximum width of 90 inches prescribed by section 10316, O. S. 1931, supra, for the reason that section 7 of chapter 194, S. L. 1923, of which act said section 10316 is a part, repeals all laws or parts of laws in conflict with said act. Both of said acts were enacted at the same session of the Legislature, but the latter is of a later date and operates to repeal any former provision in so far as it may conflict with the same.

There is no question but that instruction No. 11 under the applicable statute and under the pleadings and the proof was properly given, there being sufficient evidence to establish the fact that the truck was 78 inches in width and that the timbers projected over the side 22 to 24 inches, making a width over all of 100 to 102 inches.

Under section 3206, O. S. 1931, no judgment shall be set aside or a new trial granted on the ground of misdirection of the jury or the improper admission or rejection of evidence or as to any error in the pleading or procedure, unless in the opinion of the court, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right.

From an examination of the entire record in the case we are of the opinion that negligence on the part of the defendant was sufficiently established as a matter of fact without showing a violation of the statute in the operation of said truck at the time of the accident. The driving of a truck, so carelessly loaded, upon the highway, that it could not pass a person walking on the side of the road off the pavement without striking him is nothing less than wanton carelessness and negligence.

In our opinion the giving of instruction No. 12 in no way prejudiced the rights of the defendant, and therefore, the giving of said instruction by the court was harmless and is entitled to be treated as harmless error.

The third proposition: The court committed prejudicial error in refusing defendant's requested instruction No. 5 on contributory negligence and giving its instruction No. 10.

The rejected instruction offered by the defendant is as follows:

"The jury is instructed that among other defenses made by defendant that it pleads contributory negligence on the part of the plaintiff, and you are instructed that it is a question to be considered and determined by the jury, and in this behalf you are instructed that if the jury believe from all of the evidence and from all the circumstances connected with the case, that plaintiff, by his own negligent acts, has contributed to the proximate cause of the injury in question, and thereby brought about such injury, then as a matter of law he cannot recover."

Instruction No. 10 given by the court is as follows:

"You are further instructed that the defendant has plead as one of its defenses what is known as contributory negligence on the part of the plaintiff.

"'Contributory negligence,' as used in these instructions and as the same has application to this case, means want of ordinary care on the part of the plaintiff at the time of the injury which proximately contributes to the injury. If you find from the evidence that at the time of the accident, that the plaintiff was not exercising that degree of care and caution reasonably to be expected from an ordinary prudent person under similar circumstances and that his failure to so exercise such degree of care and caution was the proximate cause of the injuries which he received, that is, that the injuries were the natural and probable result of such failure to exercise care and caution. then the plaintiff cannot recover and your verdict should be, for the defendant.

"You are instructed that the burden of proof of contributory negligence, as alleged by the defendant, is upon the defendant unless the plaintiff's own evidence shows that the plaintiff was guilty of such contributory negligence as proximately caused or contributed to the injuries of the plaintiff."

The defendant contends that under the court's instruction No. 10, the jury was in effect advised that, before plaintiff's negligence could defeat his recovery, it would be necessary for them to find that his negligence was the sole proximate cause of the injury. In other words, as set forth in the instruction, it was not a question of contributory negligence at all, but the jury was instructed that unless they should find from the evidence that the negligence of the plaintiff was the entire proximate cause of the injury, he could recover.

Reading the instruction as a whole, we are of the opinion that the jury did not receive the impression that in the event they found the plaintiff guilty of negligence, that such negligence must be the sole or entire proximate cause of the injury, to defeat his right to recover. The last paragraph of the instruction is expressed in such language as to prevent the jury from being misled by the use of the article "the" before "proximate cause."

In instruction No. 16 the court instructed the jury in part as follows:

"Before the plaintiff can recover in this case he must prove by a preponderance of the evidence that any injuries which he sustained from such accident were due to and caused by the negligence of the driver of the automobile and that the plaintiff himself was free from contributory negligence."

And in instruction No. 18 the court instructed the jury as follows:

"You are further instructed that if you find from the evidence in this case as guided by these instructions that the plaintiff was injured as alleged in his petition and that the proximate cause of his injury was negligence on the part of the defendant and that he himself was not guilty of contributory negligence then you should return a verdict for the plaintiff."

In the case of Katz v. T. I. Butler Co. (Cal.) 254 P. 679, the court had under consideration an instruction similar to the one complained of in the instant case. In the opinion, the court commented on the language used in the instruction as follows:

"Appellant criticizes instruction No. 7 given by the court, in which the following expression is used: 'The plaintiff's negligence must be the direct or proximate cause of his injuries or it will not defeat his claim for damages in the event his injuries, if any, were caused by the negligence of the defendant.'

"Strictly speaking, contributory negligence is not **the** proximate but is more properly referred to as **a** proximate cause, because it co-operates with another proximate cause, to wit, the negligence of the defendant. But here the instruction as a whole is not even

technically wrong, much less misleading. This instruction in the part quoted and also in its first part makes plain that the injuries referred to must have been caused by the negligence of the defendant. It is not capable of a construction meaning that contributory negligence of plaintiff must be the only cause of the injuries in order to bar his recovery."

The same question was raised in the case of Harvey v. Aceves (Cal. App.) 1 P. (2d) 1043, and in affirming the judgment for plaintiff the court said:

"Not only was the matter complained of covered in these other instructions, but it can also be here said that 'the correct rule of law was so specifically stated and restated to the jury' that it would be unreasonable to hold that the verdict arrived at could have been based upon the mistaken use of 'the' instead of 'a' in the portion of the instruction complained of, especially where it was so surrounded and covered with other correct instructions as here appear."

Refusing requested instructions is not error where instructions given fully and fairly state law applicable to the case and are not contradictory.

We have searched the record to ascertain whether the defendant proved contributory negligence on the part of the plaintiff, or if it appears from plaintiff's evidence that he was guilty of any negligence, which in any way contributed to his injuries, but we are unable to find any evidence whatever of contributory negligence. Had the instruction complained of been erroneous, the defendant would not be in a position to complain where no contributory negligence was shown.

Where the evidence fails to show contributory negligence, an erroneous instruction on the question of contributory negligence is harmless and the defendant has no cause to complain of same.

The fourth proposition: The court committed error in its statement as to the issues in the case, followed by its instruction No. 4 and its instruction No. 22.

Instruction No. 1 contains a statement of the issues of the case as set out in the pleadings, and the defendant raises an objection to an item of $300 which the plaintiff claimed for hospital and medical expenses, but after the instructions were written the plaintiff dismissed this item from his suit. The item was also mentioned in instruction No. 22, and the court struck the item from instruction No. 22, but failed to strike it out of No. 1. The item was strick-

en by running a single line of a pen through it and leaving it in such condition that the jury could read the part stricken out. Is it not reasonable to assume that the jury, seeing it stricken from this instruction, would conclude that the court by inadvertence had failed to strike it from the statement of the issues, and that the item had been withdrawn from their consideration? We are of the opinion that the jury, after reading the instructions as a whole, were not misled by the failure of the court also to strike the item from instruction No 1.

In said instruction No. 22 the court instructed the jury that they may take into consideration the necessity for further medical, surgical, or hospital attention in the future, and all other facts and circumstances in evidence which in their judgment would affect the monetary compensation due the plaintiff, and the defendant contends the plaintiff never even attempted to prove the value of such services and that there is no evidence upon which to predicate the instruction and that giving of same constitutes error.

Where the instructions, when considered as a whole, correctly state the law and fairly submit the issues to the jury arising upon the proof, there is no reversible error.

The plaintiff's petition sets out the nature and extent of the injuries sustained, and attending physician testified as to the injuries sustained by the plaintiff and as to the physical condition in which the accident left the plaintiff, and we find in the record an abundance of evidence as to his present condition from which the jury might determine the future developments of the case, and as to whether or not further medical, surgical, or hospital attention may become necessary.

Instruction No. 4, complained of by defendant under its fourth proposition, is as follows:

"A person in a sudden emergency may act in good faith according to his best judgment, and his failure in such a situation to act in the most judicious manner is not chargeable with negligence, and this has been held to be true, even though the injured person be free from fault."

We find no evidence in the case upon which to predicate this instruction, but it is obvious that if it was prejudicial to either party, it was prejudicial to the plaintiff and not to the defendant, and the defendant has no cause to complain. The giving of an erroneous instruction which is more favorable to the plaintiff in error than to the

defendant in error will not constitute error which demands a reversal of the judgment.

The fifth proposition is as follows: Counsel for plaintiff, in his closing argument, was guilty of misconduct which was highly prejudicial to the rights of the defendant.

A part of counsel's argument complained of by defendant is as follows:

"* * * Now, then, did he do something—are you going to say, gentlemen of the jury, as Mr. Brown would have you say, from his argument, are you going to say that this young boy is a hi-jacker, that he is trying to take something that doesn't belong to him out of their pockets, and that he is faking an injury here, and then turn him out on society a pauper, penniless, unaided and alone, in view of this testimony here? Are you going to say that? That is what Mr. Brown wants you to say.

"Now, gentlemen, don't you believe for one minute that the defendants in this case haven't made ample provisions for taking care of what your verdict may be in this case."

The defendant contends the language of the last paragraph carries with it an inference that the defendant carried liability insurance to cover damages for personal injuries as claimed in this case. In many cases it has been held reversible error for the plaintiff to impart any information to the jury to the effect that the damages sought to be recovered were covered by liability insurance. In our opinion this is the most serious contention presented in the appeal. This was objected to at the time by counsel for defendant, but at no time was there any specific reference made to insurance by either counsel or the court. At the conclusion of the argument the court instructed the jury as follows:

"The Court: Gentlemen of the jury, there were some objections made during the argument. Counsel in arguing a case is permitted wide latitude based upon any deductions that may be reasonably made from the testimony and the argument of counsel before the jury is because of their having studied the case previously and they know the probative force of the testimony presented from their standpoint to the jury. Now, the statement that these people had this money already saved up to pay this judgment was not borne out by the testimony and you will not consider that. Mr. Snyder: He didn't say that they already had it saved up, but they had made arrangements or preparations. The Court: Well, whatever the statement was. In the heat of argument, gentlemen, counsel can't always be held to the strict rule, but it is

your duty and the jury knows it without me telling them so, to decide this case upon the testimony and use the instructions of the court as a guide."

Counsel for plaintiff, at the time he was interrupted in his closing argument on account of the above-mentioned remarks, explained to the jury that he made the statement in answer to statements made by defendant's attorney. His explanation was as follows:

"Mr. Morrison: Now, gentlemen, I was saying that purely in answer to the defendant's attorney when he said that this boy was trying to reach down, like a hi-jacker, into the pockets of these gentlemen over here on the other side and take something that he wasn't entitled to."

It appears that counsel for defendant in his argument to the jury had made inflammatory remarks calculated to prejudice the minds of the jury against the plaintiff and that he made a statement to the effect that the plaintiff was trying to reach down into the pockets of certain individuals interested in the corporation, who were present in court, emphasizing that the damages would come off them rather than the defendant corporation; and it appears that Mr. Brown of counsel for defendant was more guilty of improper argument than was counsel for plaintiff.

In Taylor County v. Olds (Tex. Civ. App., 67 S. W. (2d) 1102, the court lays down the following rule:

"'If counsel for one party pursues a line of argument not called for by the facts of the case and in itself improper and thereby invites a reply, the party so, through counsel, violating a proper course of procedure and the rules intended to secure the proper presentation of causes ought not to be heard to complain of the reply and in such cases the appellate courts will not reverse the judgment on assignment of error based on such facts.' Michie's Digest, p. 921."

In Big Ledge Copper Co. v. Dedrick (Ariz.) 185 P. 825, counsel for plaintiff in his closing argument made the following statement:

"It is a matter of common knowledge in this state that every corporation can protect itself by carrying liability insurance and if this corporation was negligent in failing to take out insurance, it was its fault.

"It is a matter of common knowledge where a man received an injury, the corporation does not pay, as they are always protected by the liability insurance they carry.

"It is a matter of common knowledge that every mining company of any consequence in this state carries liability insurance."

These statements were made in answer to a statement made by opposing counsel as follows:

"That the defendant was practically broke; that a judgment against it would cause irreparable damage and injury; that it could not be afforded to be mulcted in damages; that the defendant company would be ruined and practically put out of business if a jury rendered a verdict against it in this case."

The writer of the concurring opinion in said cause, affirming the judgment for plaintiff upon the ground that counsel for plaintiff was justified in his argument as an answer to opposing counsel, cites the following as a fair statement of the rule:

"Improper language used in argument is not ground for reversal where such language was provoked by the remarks of counsel for the adverse party unless it appears quite plainly that the verdict was influenced thereby. * * * Moreover, the rule applies although the language used would clearly authorize a reversal in the absence of such provocation. 38 Cyc. 1501."

This rule was followed in Majestic Steam Laundry, Inc., et al. v. Puckett (Va.) 171 S. E. 491; Huhn v. Ruprecht (Mo.) 2 S. W. (2d) 760; and Enid Transfer & Storage Co. v. Fisher, 169 Okla. 484, 37 P. (2d) 825.

The fact that the defendant corporation had no insurance covering a risk of this kind, and not being required by law to carry such insurance, and counsel having made no mention of insurance, and there being no reason to assume that he intended to imply that the defendant was protected by insurance, we are of the opinion that the facts do not justify a finding that the question of insurance was in fact injected into the case, or that the jury received the impression that the damages were covered by insurance.

The defendant's sixth proposition charges prejudicial error in receiving in evidence the hospital record made at the time of receiving the patient at the hospital which shows the nature of the injuries found at that time. The record was made by an interne who was not produced as a witness at the trial. The objection was based upon the hearsay rule. We do not deem it necessary to rule upon this question, as the hospital record contains no material facts which were not well established by the testimony of the attending physicians and other competent evidence, and the receiving of said record in evidence was merely cumulative and could not have been prejudicial if it had been inadmissible.

Under the seventh proposition the defendant urges error in the overruling by the court of the defendant's motion for a new trial.

In view of our ruling on the preceding propositions it necessarily follows that the above proposition cannot be sustained.

Keeping in mind the doctrine of harmless error enjoined upon the appellate courts by legislative enactment, and having reviewed the entire record in the case, and it appearing that the errors complained of were not prejudicial to any constitutional or statutory right of the defendant, nor verdict of the jury and judgment of the court thereon excessive, we are of the opinion that the judgment of the trial court should be, and is, affirmed.

OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, WELCH, and GIBSON, JJ., concur. McNEILL, C. J., absent. PHELPS, J., not participating.