Xelford WILLIS, Appellant,

v.

David FRIED, M.D. and Presbyterian Hospital, Inc., Appellees.

No. 52043.

Supreme Court of Oklahoma.

June 9, 1981.

Barnes, V. C. J., and Hodges and Opala, JJ., dissented.

Gary L. Brooks, Yon, Yon & Brooks, Oklahoma City, for appellant.

John Wiggins, Short, Barnes, Wiggins, Margo & Adler, Oklahoma City, for appellee, David Fried, M.D.

Dale Reneau, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for appellee Presbyterian Hospital, Inc.

LAVENDER, Justice:

Xelford Willis, a minor, by his mother, Anna B. Coleman, as next of friend, (plaintiff), brought this medical malpractice action to recover for the loss of Xelford's eye allegedly sustained as a result of the negligence of David Fried, M.D., a physician on duty in the emergency room at Presbyterian Hospital, Inc. The doctrine of respondeat superior was relied on to establish the hospital's liability. The District Court of Oklahoma County sustained a demurrer on behalf of the hospital, at the close of plaintiff's evidence, and entered judgment for the doctor based on the jury verdict. Plaintiff then perfected this appeal, contending that defense counsel made an improper and prejudicial argument to the jury, and that the court improperly sustained the hospital's demurrer.

The record discloses substantially these facts:

Xelford Willis, age eleven, was poked in the eye with a straight pin by Horace Powell, a classmate. He was taken to the emergency room at Presbyterian Hospital shortly thereafter where he was examined and treated by Dr. Fried, a family practitioner. The nature and extent of the examination is in direct controversy but is not material to this appeal. Attempts to reverse the infection that subsequently developed failed and Xelford lost his eye.

Thereafter, Xelford and his mother sued Horace Powell and entered into an $18,000 settlement based on a covenant not to sue. The covenant apparently reserved the right to proceed against others. The instant action was then initiated against Presbyterian Hospital and Dr. Fried. The petition essentially alleged that Dr. Fried was the agent and employee of Presbyterian Hospital, and that, consequently, the hospital was vicariously liable for Dr. Fried's negligent diagnosis and treatment of plaintiff's eye injury, and failure to refer him to an eye specialist. No independent acts of negligence on the part of the hospital were asserted. The hospital was dismissed from the action upon sustention of its demurrer at the close of plaintiff's evidence on the ground that Dr. Fried was an independent contractor and not an employee of the hospital. The case was submitted to the jury which returned a verdict for Dr. Fried. Judgment was rendered accordingly. Plaintiff appealed.

Plaintiff's first allegation of error is premised on remarks made by defense counsel during closing argument to the jury. Therein defense counsel referred to the existence of a contingency fee contract for which no evidence was introduced. An attorney who represented plaintiff in the Horace Powell action, and who is also a member of the law firm representing plaintiff in the case at bar, testified at trial. In closing argument, defense counsel sought to discredit the testimony of this witness on the ground that plaintiff's attorneys were

financially interested in the outcome of the lawsuit. Plaintiff's attorney objected to the remarks and moved for a mistrial. The objection was overruled and the motion for mistrial was denied.

■ Ordinarily, an attack by counsel in summation upon opposing counsel will not constitute reversible error unless the litigant represented by opposing counsel was prejudiced thereby. *Cross v. Houston Belt & Terminal Ry. Co.*, 351 S.W.2d 84, 87 (Tex. Civ.App.1961). See generally the discussion in Annot., 96 A.L.R.2d 9, 30 (1964). The fact that the prevailing party's counsel may have improperly mentioned a matter for which no evidence was introduced, does not establish that such statements were necessarily prejudicial if they were not of basic materiality so far as plaintiff's right to recover was concerned. *Smith v. Gizzi*, 564 P.2d 1009, 1010–11 (Okl.1977). "Probability of change in the outcome of the lawsuit is the test of prejudice this court has long employed in alleged errors of practice and procedure." *Badgwell v. Lair*, 325 P.2d 968, 971 (Okl.1968). The crucial question of whether counsel's remarks resulted in actual prejudice lies within the discretion of the trial court and this Court will not reverse a judgment for that reason unless it clearly appears that the improper remarks influenced the verdict. *Smith v. Gizzi, supra.* In determining whether defense counsel's remarks had that effect we must look to the record and consider all pertinent facts and circumstances shown therein. *Fields v. Volkswagen of America, Inc.*, 555 P.2d 48, 61 (Okl.1976).

■ While it would appear to be error to allow defense counsel to leave the impression with the jury of the existence of a contingency fee contract in this case, in the absence of any evidence to support such claim, we do not consider it reversible error under the circumstances of this case. The remarks involved the bias and interest of plaintiff's attorney-witness which was a collateral issue not material to plaintiff's right to recover. To hold that the jury's verdict would be improperly influenced by argument based upon an attorney's ability to recover a contingent fee would convict the jury of the lack of competence and fairness

they are presumed to possess. See *Johnson v. McRee*, 66 Cal.App.2d 524, 530, 152 P.2d 526, 530 (1944). The trial court was in a better position to determine the prejudicial effect of the remarks than is this Court. From our examination of the record we find that there was ample evidence upon which the jury could have found for Dr. Fried. The medical testimony revealed that the procedures followed by Dr. Fried in the treatment and diagnosis of plaintiff's eye injury were those that a reasonably prudent physician would have followed under the same or similar circumstances, and that on the basis of his diagnosis, Dr. Fried would not have been expected to refer plaintiff to an eye specialist.

We cannot say that the verdict would probably have been different had the remarks not been made. The trial court's judgment for Dr. Fried is affirmed.

■ In view of our affirmance of the trial court's judgment exonerating Dr. Fried from liability, we must also necessarily exonerate Presbyterian Hospital. Where, as here, an alleged employer and employee are sued in a single action, and plaintiff's cause of action is predicated solely on alleged acts of negligence of the employee, and the employer's liability, if any, is based solely upon the alleged negligent acts of the employee which are attributable to the employer under the rule of respondeat superior, and no independent or concurrent act of negligence by the employer is alleged or established by competent evidence, a judgment exonerating the employee which has become final, must necessarily exonerate the employer. *Missouri, Kansas & Texas Ry. Co. v. Stanley*, 372 P.2d 852, 857 (Okl.1962); *Consolidated Gas Utilities Co. v. Beatie*, 167 Okl. 71, 71, 27 P.2d 813, 813–14 (1933). Hence, the verdict and judgment for Dr. Fried precludes the necessity of adjudicating any liability against Presbyterian Hospital. Having so determined, we do not see how plaintiff was legally prejudiced by the trial court's sustention of Presbyterian's demurrer, even though the ruling may have been in error. *Barlow v. Winters*, 400 P.2d 159, 160 (Okl. 1965). No judgment shall be reversed or affected by reason of any error or defect in

the pleadings or proceedings which does not affect the substantial rights of the adverse party. 12 O.S.1971 § 78. Therefore, the trial court's ruling does not constitute cause for reversal. Judgment of the trial court is accordingly affirmed.

AFFIRMED.

IRWIN, C. J., and SIMMS, DOOLIN and HARGRAVE, JJ., concur.

BARNES, V. C. J., and HODGES and OPALA, JJ., dissent.