1997 OK 116

**Dawn M. WOFFORD, Appellee,**

v.

**MENTAL HEALTH SERVICES, INC.,
d/b/a Parkside Hospital,
Appellant,**

and

**Dr. Ray Reeves, Defendant.**

No. 84276.

Supreme Court of Oklahoma.

Sept. 30, 1997.

Lucy K. Kroblin, Terry L. Weber, Tulsa for appellee.

Ray H. Wilbum, Wilbum, Masterson & Smiling, Tulsa, for appellant.

HODGES, Judge.

¶ 1 The issue in this case is whether the trial court abused its discretion in granting a new trial. Because we find that the trial court erred in granting a new trial, we reverse and remand the cause with instructions to enter judgment for the defendant.

## I. FACTS

¶ 2 Shortly after midnight on Monday, October 29, 1990, the plaintiff, Dawn Wofford voluntarily checked herself into Parkside Hospital, seeking treatment for a mental disorder. She had been refused treatment at another hospital because she had no health insurance. At the time of her admission, Parkside was at capacity but accepted her as an indigent patient after determining that she was suicidal and in need of immediate treatment.

¶ 3 At the time of her admission, Wofford signed a consent form which stated that in order for her to be voluntarily dismissed, she must submit a written request to the Administrator and the Medical Director of Parkside. The form also advised her that she could be held for up to three days after submission of the written request. She also consented in writing to abide by Parkside's rules.

¶ 4 Between 11:30 a.m. and 2:30 p.m. on Monday, October 29, Wofford requested in writing that she be discharged. She dated the request October 29, 1990, at 12:00. On November 2, 1990, an order allowing Parkside to detain Wofford was filed. Parkside released her at mid-day after she obtained a writ of habeas corpus. There was evidence that Wofford was improved when she left Parkside although being far from completely recovered.

## II. PROCEDURAL HISTORY

¶ 5 Wofford filed this suit seeking damages for unlawful restraint and breach of duty of

informed consent. Parkside moved for summary judgment, and Wofford responded and moved for partial summary adjudication on the issue of liability. The undisputed evidentiary material showed that Wofford had been detained more than three days after she requested in writing to be released. However, it was disputed whether the hospital acted within a reasonable time to initiate court certification proceedings and acted within the requirements of section 8–104 of title 43A[1] for detention for a period longer than three days after the certification proceedings were initiated.

¶ 6 By minute order filed on September 4, 1992, and formal order filed on March 18, 1993, the trial judge overruled Parkside's motion and granted Wofford "[s]ummary [a]djudication on the issue of unlawful restraint of Plaintiff's personal liberty or freedom of locomation [sic] against her will." Thereafter, a successor judge assumed control of the case.

¶ 7 The pre-trial order signed and filed on October 28, 1993, listed one of the issues which remained to be resolved as "[w]hether plaintiff was falsely imprisoned." The successor judge and the attorneys for both Wofford and Parkside signed the pre-trial order. At trial both parties presented evidence on the issue of false imprisonment. At the end of trial, Wofford moved for a directed verdict. Discussions were had regarding whether the initial judge's ruling on the partial summary adjudication resolved the issue of liability or only determined that Wofford was detained past the three-day time period prescribed by section 8–104 of title 43A of the Oklahoma Statutes. In resolving the issue, the successor judge denied the motion for directed verdict and stated:

> The court cannot determine from Judge Scott's order entered September 4th, 1992, whether or not he intended to adjudicate all issues, which necessarily shift to the defendant, pursuant to the case law on false imprisonment. It is this Court's determination, being required to construe this order, that he intended to not adjudicate the issue on that shifting burden on false imprisonment, and the Court intends to instruct accordingly.

¶ 8 Because there was a material issue of fact as to whether Parkside initiated certification procedures within a reasonable time and otherwise followed the procedures set out in section 8–104 of title 43A, the successor judge correctly interpreted the order granting summary adjudication in ruling that the issue of liability was unresolved by the order.

¶ 9 Parkside filed its proposed jury instructions which are included in the record on appeal. The record on appeal does not include any jury instructions proposed by Wofford. The district court's docket sheet included in the record on appeal does not show that Wofford filed any proposed jury instructions. The trial judge lifted the cap on punitive damages and instructed the jury that Parkside had the burden of showing justification for false imprisonment.[2] In in-

---

**1.** Title 43A, section 8–104 of the 1991 Oklahoma Statutes provides:

A mentally ill person may request voluntary admission to any private hospital or institution, as defined by this act, in the same manner and by the same procedure as any other type of patient that is admitted to said institution or hospital. Minor patients may be admitted on application of parent, guardian, or the person having custody. Patients admitted voluntarily who give notice in writing of their desire or intention to leave said private hospital or institution must be released forthwith; provided, that if in the judgment of the attending physician the patient's release would be injurious to the welfare of the patient or the public, such patient may be detained for so long as is reasonably necessary to initiate the court certification proceedings provided by law; provided that the attending physician shall immediately notify the judge of the district court in which said private hospital or institution is located by telephone or otherwise, confirmed by a written communication, that such patient is so detained, and that such detention shall not exceed three (3) days.

Sections 5–206 through 5–407 provide for court certification of persons in need of treatment and procedures for involuntary commitment to a public institution. Section 8–105 provides that court procedures for certification to a private hospital are substantially the same as those provided in sections 5–206 through 5–407.

**2.** Instruction number 18 stated:

You are instructed that false imprisonment is the unlawful restraint of an individual's personal liberty or freedom of locomotion against his or her will.

All who by direct act or indirect act personally participate in or proximately cause the

struction number 19, the jury was also instructed: "If you find Dawn Wofford has proven she was falsely imprisoned, then you must determine the amount of damages to which she may be entitled, if any ..."[3]

¶ 10 When asked for objections to instructions one through twenty-seven, Wofford's attorney replied: "Your Honor, I have no objection to the instructions." The transcript supports that Wofford's attorney requested a jury instruction on Parkside's liability but does not reflect the content of the proposed instruction. Wofford's requested instruction was refused. The proposed instruction is not included for our review in the record on appeal.[4]

¶ 11 At the end of the trial, the jury returned a verdict finding in favor of Parkside and necessarily finding either that Parkside had acted within a reasonable time to initiate court certification proceedings or that Wofford had not been injured by the detention. Wofford made motions for a judgment notwithstanding the verdict and new trial. The basis of the motion for a judgment notwithstanding the verdict was that the judge should have directed a verdict in favor of the plaintiff based on the September 4, 1992 order. The basis for the motion for the new trial was that the verdict was not supported by the evidence and error was committed by failing to give Wofford's requested instruction. The judge overruled the motion for judgment notwithstanding the verdict and granted the motion for a new trial based on error in giving Instruction Number 19.

¶ 12 The Court of Civil Appeals found that the successor judge correctly had determined that the order granting summary adjudica-

tion had not determined the issue of liability but only determined that Wofford had been unlawfully restrained against her will. The Court of Civil Appeals found that the contested instruction did not reflect the order and the trial court had corrected the error by granting a new trial. Thus, the Court of Civil Appeals affirmed in part, reversed in part, and remanded with instructions.

## III. ANALYSIS

¶ 13 A trial court has the power to correct its own errors within certain time limits. *See* Okla.Stat. tit. 12, §§ 1031–31.1 (1991). If the successor judge had misinterpreted the first judge's order granting summary adjudication in favor of Wofford, she would have had the power to correct the error by granting a new trial. However, the successor judge ruled that the issue of liability was unresolved by the order granting summary adjudication. Section 8–104 of title 43A provides that a hospital may detain a patient "so long as reasonably necessary to initiate the court certification proceeding" provided that it follows certain procedures. The documents regarding the motions for summary judgment left at issue material facts as to whether Parkside had complied with the statutory procedures and the reasonableness of the delay. Because these material facts were in dispute, the successor judge was correct in ruling that only the issue of Wofford's detainment for more than three day was resolved by the order granting summary adjudication.

¶ 14 "A trial court is vested with broad legal discretion in granting or denying new trial, and unless it clearly appears

---

false imprisonment or unlawful detention of another are liable for damage directly caused by the false imprisonment or unlawful detention.
   You are further advised that defendant Parkside Hospital has the burden of showing legal justification for such restraint or imprisonment.

3. Instruction number 19 stated:
   If you find Dawn Wofford has proven she was falsely imprisoned, then you must determine the amount of damages to which she may be entitled, if any.
   In fixing the amount you will award her, you may consider the following elements:

A. Her physical pain and suffering
B. Her mental pain and suffering
C. Her physical condition immediately before and after the false imprisonment
D. The nature and extent of injuries.

4. The plaintiff attempts to supplement the record on appeal by attaching the proposed instructions to her brief. Except for well circumscribed exceptions, review is confined to the record presented to the appellate court. *Lawrence v. Cleveland County Home Loan Auth.*, 626 P.2d 314, 315, 1981 OK 28. The plaintiff has not shown that the attachments to the brief fit within any exception to this general rule.

that the trial court erred in some pure simple question of law or acted arbitrarily, its judgment will not be disturbed on appeal." *Dominion Bank of Middle Tennessee v. Masterson,* 928 P.2d 291, 294, 1996 OK 99. Further, section 651 of title 12 of the Oklahoma Statutes sets out the grounds under which a new trial may be granted. The grounds on which Wofford relies in this case are error in the proceedings and insufficient evidence to support the verdict. The question of the sufficiency of the evidence was not preserved for our review. The error in the proceedings is addressed to whether a new trial should have been granted based on an error in the jury instructions, particularly Instruction Number 19.

¶ 15 At the time that the jury was instructed, the successor judge had ruled that the September 2, 1992 order did not settle the issue of Parkside's liability for false imprisonment. On the contrary, the successor judge's interpretation of the order was that it did not determine liability. The issue of liability was addressed in Wofford's attorney's opening statement, and evidence on the issue was submitted by both parties. No objection was made to the introduction of such evidence.

¶ 16 The transcript shows that Wofford's attorney requested a jury instruction on the directed verdict which was refused. However, because the content of the requested instruction is not included in the record on appeal, this Court has no means of knowing whether it was a correct statement of the law on the issues or even addressed the issue of Parkside's liability for false imprisonment. Thus we find no error in the trial court's failure to give the instruction. *See Timmons v. Royal Globe Insurance Co.,* 653 P.2d 907, 915, 1982 OK 97.

¶ 17 It has long been the rule of this jurisdiction that "[p]arties to a law action properly triable to a jury must save proper exceptions to each instruction of the court ... or the objection is waived." *Carter Oil Co. v. Johnston,* 208 Okla. 564, 257 P.2d 817, 818 (1953). In this case, Wofford not only failed to object to the instructions and to the evidence on the issue of liability for false imprisonment but presented evidence on the issue. Thus, any objection to the introduction of the evidence was waived. *LPCX Corp. v. Faulkner,* 818 P.2d 431, 439, 1991 OK 46. Further, the instruction on liability was consistent with the evidence and the successor judge's construction of the 1992 order. Under the circumstances, we find the evidence supported the jury's verdict and no error was committed in the instructions. Thus, there was no error on which to grant the motion for new trial.

¶ 18 When granting the motion for the new trial, the trial judge changed her construction of the 1992 order. In the order granting a new trial, the judge stated: "On September 4, 1992, Judge Scott had determined, as a matter of law, that Plaintiff was entitled to judgment in her favor on the issue of liability for false imprisonment." This construction directly contradicts the same judge's previous clarification which we found in paragraph 8 above to be the correct construction.

¶ 19 At the conclusion of the trial and after the jury was discharged, the judge made the following statement:

> I think what you did to this woman was absolutely outrageous and a disgrace to your system and a disgrace to my system. This hospital had no authority to keep this woman, mentally ill or not, without following court procedures, good intentions or not. And I think that's outrageous. And I hope—you know, I certainly respect this jury's verdict, but I hope, because you walk out of here scott free, that you don't take that as a license to continue to falsely imprison people like Mrs. Wofford. I am absolutely appalled. And, again, I have some faith that you will do whatever you need to do to straighten that out.

The exercise of sound discretion in granting a new trial does not allow a judge to give effect to the judge's own subjective view of the resolution of the issues. *Bishop's Restaurants, Inc. of Tulsa v. Whomble,* 355 P.2d 560, 564 (Okla.1960). To allow a judge to grant a new trial based on the judge's own subjective belief that the jury rendered the incorrect verdict "could effect an abrogation of the right to trial by jury." *Id.*

¶ 20 The purpose of a new trial is to allow for correction of errors in the proceedings. In reviewing the entire record, we find no error in the trial proceedings. The verdict is supported by competent evidence. The trial court in the present case substituted its subjective views for the determinations made by the jury. Under the circumstances, we find that the trial court abused its discretion in granting a new trial.

¶ 21 The order granting a new trial is reversed. The Court of Civil Appeals' opinion is vacated. The cause is remanded with instructions to enter judgment for the defendant in accordance with the jury's verdict.

CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS' OPINION VACATED; TRIAL COURT'S ORDER GRANTING NEW TRIAL REVERSED AND CAUSE REMANDED WITH INSTRUCTIONS.

¶ 22 SUMMERS, V.C.J., and HODGES, LAVENDER, SIMMS, HARGRAVE, ALMA WILSON and WATT, JJ., concur.

¶ 23 KAUGER, C.J., and OPALA, J., concur in result.

