2006 OK 84

Frankie Ryan LERMA, Billy Lowrance, Carolyn Lowrance, Sandra McGaha, Jimmy Dan McCombs, Anika Applewhite, individually and on behalf of themselves and all others similarly situated, Plaintiffs/Appellants,

v.

WAL–MART STORES, INC., a Delaware corporation, Sam's Club, an operating segment of Wal–Mart Stores, Inc., and to-be-named Managers of Wal–Mart Stores, Inc., in Oklahoma whose identities are presently unknown, Defendants/Appellees.

No. 100,943.

Supreme Court of Oklahoma.

Nov. 7, 2006.

Allan DeVore, Jane G. Rowe, Jacquelyn Thompson, The Devore Law Firm, Oklahoma City, OK, for Plaintiffs/Appellants.

Sidney G. Dunagan, Amy M. Stipe, Gable & Gotwals, Oklahoma City, OK, for Defendants/Appellees.

HARGRAVE, J.

¶ 1 This is an appeal from the trial court's denial of plaintiffs' motion for new trial after a jury found defendants (Wal–Mart) not guilty of indirect contempt of court. Discovery disputes arose during the course of a

class-action lawsuit that plaintiffs brought against Wal–Mart alleging various job-related issues concerning wage and hour abuse. Plaintiffs claimed that Wal–Mart wilfully failed to comply with the trial court's order of December 10, 2003 pertaining to inspection of certain information and electronic data.

¶ 2 Plaintiffs filed a motion for contempt, alleging that Wal–Mart intentionally ignored the trial court's December 10, 2003 discovery order and had destroyed evidence and delayed producing evidence that the trial court had ordered them to produce. Wal–Mart entered a plea of not guilty and demanded a jury trial. Wal–Mart asserted that the disputed evidence either did not exist when it was ordered to be produced or had already been produced.

¶ 3 The jury was instructed that the sole issue in the contempt proceeding was whether Wal–Mart wilfully violated the trial court's December 10, 2003 order.[1] After five days of trial, the jury reached a verdict of not guilty. Plaintiffs filed a motion for new trial, listing several grounds including misconduct of opposing counsel, misconduct of a juror, and errors in excluding evidence.

¶ 4 The trial judge denied the motion for new trial and awarded Wal–Mart costs in the amount of $8,927.56 pursuant to 12 O.S.2001 § 930. The plaintiffs appealed, raising the issues raised in their motion for new trial. The Court of Civil Appeals reversed and remanded for a new trial on the sole ground that defense counsel impermissibly vouched for his client during closing argument.

¶ 5 We granted Wal–Mart's petition for certiorari. We have reviewed the findings of the trial court and determine that the trial court neither erred in a question of law nor acted arbitrarily in denying the motion for new trial. Accordingly, we find that the trial judge did not abuse his discretion in denying plaintiffs' motion for new trial. The opinion of the Court of Civil Appeals is vacated and the trial court's order denying the

1. We do not find a signed and filed copy of the trial judge's December 10, 2003 order in the record presented and it is unclear if there is a written order. A photocopy of a portion of the transcript of the December 10, 2003 hearing before Judge Hetherington is attached as Exhibit 1 to plaintiffs' brief in support of the motion for contempt.

motion for new trial is affirmed. We also consider the issues not covered by the Court of Civil Appeals in their opinion.[2]

## I.

## STANDARD OF REVIEW

■ ¶ 6 In reviewing a trial court's decision denying a motion for new trial, the appellate court employs an abuse of discretion standard of review. *Jones, Givens, Gotcher & Bogan v. Berger*, 2002 OK 31, 46 P.3d 698, 701. A court abuses its discretion when it uses that standard to an end or purpose that is justified neither by reason nor by evidence. Abuse of discretion lies in a manifestly unreasonable act, supported by untenable grounds or reasons. *Patel v. OMH Medical Center, Inc.*, 1999 OK 33 ¶ 20, 987 P.2d 1185, 1194 *(cert. den.* 528 U.S. 1188, 120 S.Ct. 1242, 146 L.Ed.2d 100 (2000)).

## II.

## APPEALABILITY

¶ 7 Wal–Mart first argues that the appeal is not from a final order and is therefore premature.[3] Wal–Mart contends that because the underlying class action is still pending, the not guilty verdict in the contempt trial is not yet appealable.

■ ¶ 8 A contempt proceeding, even though it grows out of another proceeding, is ordinarily regarded as a collateral or separate action from the underlying case and is separately appealable, with appellate review limited to the contempt order itself. *See, Blake v. Blake*, 341 Md. 326, 670 A.2d 472, 475 (1996). *See also, Unnamed Attorney v. Attorney Grievance Commission*, 303 Md. 473, 494 A.2d 940, 945 (1985), *Nelson v. Darling Shop of Birmingham, Inc.*, 275 Ala. 598, 157 So.2d 23, 35 (1963) *(weight of authority is that contempt is not part of main case but* is collateral to it and a proceeding unto itself, and consequently would not come up for appeal in the main case).

■ ¶ 9 In Oklahoma, contempt is governed by our constitution and statutes, and the legislature has abolished all common-law forms of contempt. *Henry v. Schmidt*, 2004 OK 34 ¶ 11, 91 P.3d 651, 654. Oklahoma's constitution dictates that the legislature is to pass laws defining contempt and regulating the procedure and punishment. *Id.* Title 21 O.S. §§ 565, 566 and 567 create a separate statutory procedure for indirect contempt of court. Although no specific provision is made for appeal from a not-guilty verdict, appeals from a not-guilty verdict in contempt actions have been maintained previously in this court. *See, Martin v. Martin*, 1973 OK 57, 511 P.2d 1097 (appeal from not-guilty finding in contempt action for failure of defendant to pay child support) and *In re "Judge Anonymous,"* 1978 OK 132, 590 P.2d 1181, 1185 (while recognizing appeal not specifically provided for, the exigencies of the case demanded it).

¶ 10 Supreme Court Rule 1.20(a)(17) provides that any decision *under a statute now in force* which *finally determines the rights of the parties in the action* is considered a final judgment and is appealable. In the case at bar, the jury's finding of "not guilty" was a final determination of the rights of the parties in the contempt action, and that determination is separate and distinct from the underlying class action. Here the appeal is from the trial court's denial of plaintiffs' motion for new trial following the jury's not-guilty verdict in a contempt action. We find that the appeal was not premature.

## III.

## ALLEGED ERRORS DURING TRIAL

¶ 11 Plaintiffs' motion for new trial raised several grounds, including misconduct of a juror, attorney misconduct, irregularity in

---

2. *Hough v. Leonard*, 1993 OK 112, 867 P.2d 438 provides that if the Court of Civil Appeals did not decide all properly preserved and briefed issues, the Supreme Court may, if it should vacate the Court of Civil Appeals' opinion, address undecided matters or remand to the Court of Civil Appeals to address such issues.

3. Shortly after the appeal was filed, this court issued an order directing plaintiffs to show cause why the appeal should not be dismissed for lack of an appealable order. Plaintiffs responded that the jury verdict was a final determination of the rights of the parties in the contempt proceeding and was therefore appealable. This court directed the appeal to proceed because the response appeared to satisfy the inquiry.

the proceedings and the trial court's exclusion of evidence. Plaintiffs also maintain that the trial judge erred in requiring a showing of actual prejudice regarding the juror and attorney misconduct.

### A. Improper Conduct of Juror.

¶ 12 Plaintiffs allege that misconduct by the jury foreman substantially affected their right to a fair trial. Plaintiffs' counsel talked to the jury foreman on the steps of the courthouse after the trial and learned that the juror had performed a "search for any news reports" about similar cases against Wal–Mart, but that he had been unable to find any.[4] Plaintiffs' counsel states that he did not have further discussion with the juror, but reported the information to the trial judge and opposing counsel. A telephone conference was scheduled between counsel for both sides and Judge Hetherington on April 30, 2004. *Id.* There is no transcription of that conversation in the material before us. Plaintiffs state that no representatives of the parties contacted any jurors after the last evening of the trial.

¶ 13 The trial judge ruled that plaintiffs failed to make a showing that the verdict was materially affected by the out-of-court evidence. There was no showing that the jury's verdict was influenced by the foreman's search. There was no showing that the individual juror's vote was influenced by his search, nor that the results of juror's fruitless search were even made known to the other jurors. *See, Robinson v. Borg–Warner Protective Services, Corp.,* 2001 OK 59, 31 P.3d 1041 (no record was made of the issue of juror misconduct and there was no testimony or other evidence to support the claim that trial judge erred in not granting a new trial on this ground). We find that the trial judge applied the correct legal standard and did not abuse his discretion in denying the motion for new trial on the ground of juror misconduct.

### B. Misconduct of Counsel during Closing Argument

#### 1. Vouching

¶ 14 Plaintiffs contend that Wal–Mart's counsel, Mr. Dunagan, in his closing argument to the jury, improperly vouched for the credibility of Wal–Mart's evidence and witnesses. Defendants contend that the statement was provoked by accusations made by plaintiffs' counsel. In any event, defendants argue, plaintiffs failed to properly object at trial.

¶ 15 During closing arguments plaintiffs' counsel, Mr. DeVore, alleged that Wal–Mart was guilty of hiding and destroying evidence and asserted that "they" falsified one of the exhibits they showed to the jury regarding the disputed U-drive on Wal–Mart's computers. In referring to Wal–Mart's Exhibit 71, Mr. De Vore stated:

"[the exhibit] will show you what Wal–Mart's doing. I think you can see from all the testimony what's taking place here with the witnesses and everything in the trial, Wal–Mart's holding out on us. They're holding out on you. They're not being forthright. They try to keep everything from everybody. They don't want people to know the truth.

And ... "Up here at the top it says, Oh, well, it's a U-drive. Well, where did they get that from. They got it like—I don't know—last night from somebody there at Wal–Mart? They could have walked in to their computer, renamed that in, like, ten seconds, and printed you a screen shot of that thing. And that's on somebody's computer. It's not the drive where this thing is.

Let's go look now at where they go to the person that actually got the data off and gave it to us. That one's called a G-drive. And then when you get down to the bottom, it's called a G-drive, too and this is the one that's supposedly on their server. That's where the files are. That's where the disk is, down there at the drive. The drive is down on their server and they call it a G-drive. It's not a U-drive. They had to make that one up." R. p. 671, Tr., pp. 14–16

¶ 16 In response, defense counsel, Mr. Dunagan, began his closing argument as follows:

---

4. Affidavit of Allan DeVore, attached as Exhibit 1 to Plaintiffs' motion for new trial.

"... Who's interested in this case? And I am offended by Mr. DeVore's comment that I would put up on that screen an exhibit that I had an expert create that creates something false for you. I didn't become the president of the Oklahoma Bar Association, the Tulsa County Bar Association, an—a senior lawyer—an outstanding senior lawyer in Tulsa County by putting up false evidence. I didn't become a member of the Best Lawyers in America by putting up false evidence, or the American College of Trial Lawyers by putting up false evidence. But that's what he's accused me of. I don't do that, and I wouldn't do it for a client. I can't be bought. I've never been bought, and that's what I get accused of. Tr. p. 23.

■ ¶ 17 It is improper for counsel to vouch for the credibility of witnesses. *See,* *75A Am.Jur.2d Trial § 698.* Improper remarks used by counsel in argument, however, are not ground for reversal where the language was provoked by remarks of counsel for the adverse party, unless it appears quite plainly that the verdict was influenced thereby. *See, Cosar v. Bemo, 1955 OK 90* *¶ 8, 282 P.2d 222.* The rule applies even though the language used would otherwise warrant a reversal in the absence of such provocation. *See, Helmerich & Payne, Inc. v. Nunley,* 1935 OK 633 ¶ 44, 176 Okla. 246, 54 P.2d 1088; *Fields v. Volkswagen of America, Inc.,* 1976 OK 106 ¶ 54, 555 P.2d 48, 61. The prejudicial effect of an improper remark or argument vouching for the credibility of a witness also may be waived by the failure to object to such comment during trial *See, 75A Am.Jur.2d Trial § 704.*

¶ 18 The trial judge did not refer to the "vouching" statement in his ruling on the allegations of attorney misconduct in closing argument. *Tr. p. 10.* The trial judge ruled that there must be sufficient evidence to show that the conduct by opposing counsel clearly influenced the verdict and that no such showing was made.

■ ¶ 19 After reviewing the proceedings, we agree with the trial judge's conclusion that there was no sufficient showing of prejudice. We also find that under the circumstances of the trial there was sufficient

provocation for Mr. Dunagan's "vouching" remarks. Plaintiffs' counsel had accused him of presenting a false exhibit before the jury.

■ ¶ 20 Counsel have wide latitude in opening and closing statements, subject to the trial court's control, and limitation of the scope of the arguments is within the trial court's discretion. *See, Oller v. Hicks,* 1967 OK 240 ¶ 16, 441 P.2d 356. There must be a showing that counsel's conduct substantially influenced the verdict and/or denied the defendant a fair trial. *Wilcox Oil Co. v. Walters,* 1955 OK 147 ¶ 17, 284 P.2d 726, 728. This court will defer to the trial court's denial of a motion for new trial where the motion is based on alleged misconduct of counsel unless there is a clear showing of prejudice. *Clark v. Bearden,* 1995 OK 71, 903 P.2d 309, 312; *Oklahoma Turnpike Authority v. Daniel,* 1965 OK 7 ¶ 13, 398 P.2d 515, 518.

■ ¶ 21 Further, the plaintiffs failed to properly preserve this issue for review. Plaintiffs did not object to Mr. Dunagan's alleged vouching statements at the time they were made. Mr. DeVore later requested to approach the bench because Mr. Dunagan "had put up a document that was not introduced into evidence." The judge admonished Mr. Dunagan not to put anything up that was not in evidence. At that point Mr. DeVore interjected:

'... Wait. I'm not through. Two other things: Number one, Mr. Dunagan improperly—and you can't get up and vouch on—an attorney can not get up and vouch for the credibility of the witness and for the evidence that he presents. That is an ethical violation, It is totally improper, number one.... And I would need to have the Court instruct this jury that Mr. Dunagan has claimed a work product privilege on a document in dispute—or I need to be able to tell the jury that ...

THE COURT: You'll argue it then.

Mr. DEVORE: Okay. I'm going to tell them that."

¶ 22 The trial judge did not rule on Mr. DeVore's belated "objection" to the vouching statement and Mr. DeVore neither requested that the trial judge rule on the objection nor

took exception to the trial judge' failure to do so. Mr. DeVore did not ask for an instruction or admonishment to the jury about the vouching remarks. Counsel instead referred to the "vouching" statement in his rebuttal:

"Well, let's straighten one thing out first because it's a big deal. I never once said Mr. Dunagan had anything to do with something improper. Never once and you all know that. In fact, what I said was that somebody over at Wal–Mart could have changed something. Mr. Dunagan isn't necessarily going to know about that. They're not going to tell him everything that's going on in all of this. I'm not saying he's behind all of it."

¶ 23 In *Bateman . v. Glenn,* 1969 .OK 158 ¶ 16, 459 P.2d 854, 858, we said that alleged prejudicial remarks of counsel in his argument to the jury are not preserved for review by this court unless objected to and exception is taken at the time the remarks are made and unless such remarks with the objection and exception are shown in the record of the proceedings of the trial. We said:

"If it appears that there has been misconduct in a trial, the aggrieved party may move the court to declare a mistrial, but in failing to do so will be deemed to have taken his chances with the jury. *Lawton Transit Mix, Inc. v. Larson,* Okl. 455 P.2d 696."

In the case at bar, with regard to the "vouching" statement, we find that plaintiffs failed to preserve the issue for review.

## 2. The Audit

¶ 24 Plaintiffs argue that defense counsel improperly implied to the jury in closing argument that the plaintiffs would have shown the jury a Price Waterhouse audit conducted by Wal–Mart if it had contained information helpful to the plaintiffs, thus implying that plaintiff's failure to introduce the audit meant that it was favorable to Wal–Mart, when Mr. Dunagan knew that the audit had in fact been withheld from production as attorney work product.

¶ 25 Wal–Mart argued that Mr. Dunagan's statements were not improper and were necessitated by Mr. DeVore's improper questioning of Wal–Mart's witness, Mr. Regard,

about the audit, which improperly left the impression with the jury that the results of the audit were unfavorable to Wal–Mart. *Tr. Vol. V, pp. 831–836.* Wal–Mart had objected to that line of questioning and moved for a mistrial. *Tr. Vol. V, pp. 874–878.*

¶ 26 The trial judge found that both plaintiff and defense counsel had engaged in improper misconduct regarding the audit. *Tr. of June 16, 2004, p. 10.* The trial judge found that Mr. DeVore's inquiry of Wal–Mart witness Mr. Regard had opened the door to the subject of the audit. The trial judge stated that he had tried hard to consistently uphold his prior rulings regarding the audit's admissibility and that while he would have preferred that Mr. Dunagan avoid the audit entirely, there was not sufficient evidence to show that the misconduct had a direct effect on the verdict. *Id.*

¶ 27 We recognize that the trial court is in a better position to determine the prejudicial effect of remarks made at trial than is this Court. *Willis v. Fried,* 1981 OK 60 ¶ 7, 629 P.2d 1255, 1257. Even when portions of closing argument made by counsel to the jury are improper, in order for alleged misconduct of counsel in argument to the jury to effect a reversal of a judgment it must appear that substantial prejudice resulted therefrom and that the jury was influenced thereby to the material detriment of the party complaining. *Oklahoma Turnpike Authority v. Daniel,* 1965 OK 7 ¶ 13, 398 P.2d 515, 518. We do not find that the trial judge abused his discretion in refusing to grant a new trial on the basis of misconduct of counsel.

## C. Admission of Evidence

¶ 28 Plaintiffs allege that the trial court erroneously limited their presentation of testimony and denied the admission of two of their exhibits relating to 1) Wal–Mart's actions predating the trial court's December 10, 2003 order; and 2) evidence of Wal–Mart's similar discovery abuses in similar wage and hour cases against them. Plaintiffs argued that the evidence was relevant to show intent, motive, common scheme or plan, knowledge and/or absence of mistake in Wal–

Mart's actions predating the Court's December 10, 2003 discovery order.

¶ 29 Plaintiffs also complain that the trial court erroneously limited their presentation of testimony and introduction of exhibits relating to the merits of the underlying class action. Plaintiffs argue that these were admissible because they were relevant and highly probative, that they did not fall within any evidentiary exclusionary rules (or were exceptions thereto because they showed common scheme or plan, absence of mistake, intent, etc.). Plaintiffs contend that the evidence was not unfairly prejudicial to defendants.

¶ 30 The trial judge ruled that plaintiffs' proposed exhibit 12 was a demonstrative aid, not approved by the court or opposing counsel prior to trial, that purported to demonstrate facts that either were not in evidence, or were not a fair representation of the facts. *Tr. p. 11.* The trial judge observed that the same information was imparted to the jury through plaintiffs' direct examination of Dr. Shapiro, who produced his own drawing. The trial judge ruled that plaintiffs' Exhibit 2, if relevant at all, predated the December 10, 2003 discovery order and went only to plaintiffs' allegations in the underlying case, and not to whether Wal–Mart violated said discovery order.

■ ¶ 31 The trial judge found that as to alleged discovery abuses in other cases and sanctions in those cases, the evidence was improper to be admitted into the contempt case under 12 O.S. § 2404 because when balancing the probative value against the harmful effects of admitting the evidence, possible unfair prejudice to defendants would result if defendants were not allowed to defend each and every sanction introduced by plaintiff. This would lead to possible jury confusion and distract from the main issues in the case. *Tr. p. 12.* The trial judge concluded that the possibility of misleading the jury, delay and needless presentation of cumulative evidence would be very prejudicial to defendants, particularly since the only

issue in the contempt trial was whether or not the December 10, 2003 discovery order was wilfully violated.

■ ¶ 32 A trial judge's decision to exclude evidence will not be overturned absent a clear abuse of discretion. *Cities Service Co. v. Gulf Oil,* 1999 OK 14 ¶ 32, 980 P.2d 116, 132; *See also, Capshaw v. Gulf Ins.,* 2005 OK 5 ¶ 7, 107 P.3d 595. Title 12 O.S.2001 § 2403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, needless presentation of cumulative evidence, or unfair and harmful surprise. The trial court has broad discretion in determining if the probative value of relevant evidence is substantially outweighed by the danger of unfair prejudice, and a reviewing court will not overturn the trial court's ruling unless there is clear abuse of discretion. *Robinson v. Borg–Warner Protective Services,* 2001 OK 59 ¶ 4, 31 P.3d 1041, 1044. The trial court in the case at bar determined that the proffered evidence should be excluded on at least three of the § 2403 grounds. We find no abuse of discretion by the trial judge in so ruling.

## IV

### Award of Costs to Wal–Mart as Prevailing Party

¶ 33 Wal–Mart sought an award of attorney fees and costs before the trial judge. The motion for attorney fees was denied. Wal–Mart was awarded costs pursuant to 12 O.S.2001 § 930 [5] based on its status as prevailing party. Plaintiffs seek reversal of the award of costs in the event that Wal–Mart is no longer the prevailing party. Because we affirm the trial court's order denying plaintiffs' motion for new trial, Wal–Mart remains the prevailing party.

### CONCLUSION

¶ 34 The trial court is vested with broad legal discretion in granting or denying a new

5. **12 O.S. § 930 Costs in other cases -Apportionment of costs-Discretion of Court.**
   In other actions, the court may award and tax costs, and apportion the same between the

parties on the same or adverse sides, as in its discretion it may think right and equitable.

trial. *Wofford v. Mental Health Services, Inc.,* 1997 OK 116 ¶ 14, 946 P.2d 1149. Unless it is apparent that the trial court erred in its resolution of a question of law, or acted arbitrarily, its judgment will not be disturbed on appeal. *Soldan v. Stone Video,* 1999 OK 66 ¶ 6, 988 P.2d 1268. We find no abuse of discretion by the trial judge in the denial of plaintiffs' motion for new trial.

**CERTIORARI GRANTED PREVIOUSLY; OPINION OF THE COURT OF CIVIL APPEALS IS VACATED; THE TRIAL COURT'S ORDER DENYING MOTION FOR NEW TRIAL IS AFFIRMED.**

¶ 35 ALL JUSTICES CONCUR