**CIMARRON FEEDERS, INC., Appellee,**

v.

**TRI–COUNTY ELECTRIC COOP, INC., Appellant.**

No. 70837.

Supreme Court of Oklahoma.

Oct. 15, 1991.

Bryan L. Wright, Wright, Dale & Jett, Guymon, for appellee.

A.T. Elder, Jr., Rodney C. Ramsey, Stewart & Elder, Oklahoma City, for appellant.

SIMMS, Justice.

At issue in this appeal is whether jury instructions given by the district court produced a probability that jurors were misled as to the applicable law and reached a different result than they would have but for the error; and did the trial court erroneously exclude one of defendant's requested instructions.

We determine from the record that a truck owned by Tri–County Electric Coop, Inc., (defendant/appellant) proceeding west down a two-lane paved road in Cimarron County was followed by a truck owned by Cimarron Feeders, Inc. (plaintiff/appellee). As the lead truck (defendant) slowed at an intersection to turn off onto a dirt road, the second truck (plaintiff) attempted to pass on the right side of the two-lane road. However, the lead truck was attempting to make a right-hand turn and when the second truck attempted to pass on the right side, the two trucks collided.

Cimarron Feeders filed this suit alleging that defendant, lead truck, caused the accident by negligent operation of the vehicle. Plaintiff contended that the lead truck was partially in the left lane of the two-lane road, leading the second truck to believe that the lead truck was making a left turn. Defendant claimed that his truck was in the right lane and never left that side of the road and further that plaintiff had been following too closely and negligently attempting to pass on the wrong side of the lead truck.

The jury returned a verdict in comparative negligence form finding defendant 85% at fault and plaintiff 15% at fault. Defendant appealed, claiming the jury instructions did not clearly reflect applicable law and directly affected the jury's decision. The Court of Appeals affirmed the trial court, holding that contained within the instructions was an accurate statement of law. We disagree, and hold the instructions viewed as a whole did not clearly and accurately reflect applicable law and thereby misled the jury.

■ We held in *Woodall v. Chandler Material Co.*, 716 P.2d 652 (Okla.1986), that the standard of review for jury instructions given or refused is whether a probability exists that jurors were misled, thereby reaching a different conclusion than they would have reached *but for* questioned instruction(s). Reversible error exists upon discovery of a probability that jurors may have been misled and therefore reached a different result.[1]

■ When reviewing jury instructions, the standard of review considers the accuracy of the statement of law, the applicability of the instructions to the issues when the instructions are considered as a whole, and above all, whether the probability arose that jurors were misled and reached a different conclusion due to an error in the instruction.[2] Because the facts are in dispute, the jury instructions are especially important so the trier of fact has an accurate understanding of the applicable law and can apply that law to the facts it finds the evidence supports. *Bechard v. Concrete Mix & Const., Inc.*, 218 Kan. 597, 545 P.2d 334 (1976).

■ As given, the questioned instruction states applicable law improperly:

"Instruction No. 18. You are instructed that the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and traffic upon and the condition of the highway, *except when passing*." (emphasis added)

The first part of the instruction is 47 O.S. § 11–310(a) verbatim, save the words "except when passing" added by the district judge. "Except when passing" instructs the jury that part (a) of § 11–310 is to be disregarded in the case of a driver going to

1. *Samson Resources v. Quarles Drilling*, 783 P.2d 974 (Okl.App.1989), citing *Woodall.*

2. *Messler v. Simmons Gun Specialties, Inc.*, 687 P.2d 121 (Okla.1984).

pass. The addition changes the statute's plain wording and thwarts its clear intent.

The facts were in dispute as to whether the rear truck was passing or proceeding properly in the right hand lane. By excepting part (a) from consideration if the jury found that the rear truck was passing, the misstatement of the applicable law gives rise to a probability that the jury was misled.

■ The appellee contends that these words are found in a similar context in the same section, § 11–310(c), which reads:

"No vehicle which has more than six tires in contact with the road shall approach from the rear of another vehicle which has more than six tires in contact with the road closer than three hundred (300) feet *except when passing* such said vehicle." (emphasis added)

Appellee's assertion is incorrect since the application of part (c) is limited to the minimum distance large trucks must maintain from one another when following. Section 11–310(c), sets forth an exact following distance to be observed by certain vehicles, but leaves a logical exception for when they pass one another. *All drivers must still abide by § 11–310(a),* and exercise prudence as to distance following a vehicle even when preparing to pass.

■ The error in Instruction No. 18 is compounded by the trial court's refusal to give defendants supplemental requested instruction No. 3 on overtaking and passing a vehicle.

As pointed out, the *Woodall* standard applies to instructions given or refused by the trial court. The requested instruction read as follows:

"You are instructed that the following rules shall govern the overtaking and passing of vehicles proceeding in the same direction:

1. The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive on the right side of the roadway until safely clear of the overtaken vehicle;

2. Every driver who intends to pass another vehicle proceeding in the same direction, which requires moving his vehicle from one (1) lane of traffic to another, shall first see that such movement can be made with safety and shall proceed to pass only after giving a proper signal by hand or mechanical device."

This instruction is verbatim 47 O.S. §§ 11–303(1) and (3), and thereby accurately states applicable law. If the jury found the facts tended to support the theory that the truck approaching from the rear was passing, this instruction would apply to the issue of whether the rear truck overtook and passed the front truck properly.

■ By refusing to include this instruction, the applicable law on the issues was withheld from the jury and gives rise to a probability that jurors were misled, thereby reaching a different conclusion than they would have, but for the refusal to give the proposed instruction.

It is the duty of the trial court, even when not requested to do so, to cover all material issues and the proper theories of the parties in the instructions to the jury. *Peoples Bank of Aurora v. Haar,* 421 P.2d 817 (Okl.1966); *McKee v. Neilson,* 444 P.2d 194 (Okl.1968).

Instruction Number 18 given by the district court and upheld by the Court of Appeals, presents reversible error. Accordingly, the Court of Appeals opinion is VACATED. The District Court is REVERSED, AND THE MATTER REMANDED FOR A NEW TRIAL.

OPALA, C.J., and DOOLIN, HARGRAVE, ALMA WILSON and KAUGER, JJ., concur.

HODGES, V.C.J., and LAVENDER and SUMMERS, JJ., dissent.