2003 OK CIV APP 45

**Glenn PARSONS and Nancy Parsons, parents and next of kin of David Parsons, Plaintiffs/Appellees,**

v.

**Lloyd PARSONS and Lavonne Parsons, Defendants/Appellants.**

**No. 97,261.**

Court of Civil Appeals of Oklahoma, Division No. 3.

March 13, 2003.

Certiorari Denied May 13, 2003.

W.G. Steidley, Sean M. McKelvey, McAlester, OK, for Appellants.

Vester Songer, Hugo, OK, Jim Tatum, Houston, TX, for Appellees.

LARRY JOPLIN, Chief Judge:

¶ 1 Defendants/Appellants Lloyd and Lavonne Parsons (Grandparents) seek review of the trial court's order granting the motion for a new trial of Plaintiffs/Appellees Glen and Nancy Parsons (Parents) for alleged error in instruction of the jury. In this proceeding, Grandparents assert that Parents failed to show a probability that the jurors were misled by the instructions given, and that the instructions as a whole accurately stated the relevant law. Having reviewed the record, however, we cannot say the trial court erred, and hold the order of the trial court should be affirmed.

¶ 2 In 1998, Parents visited the home of Grandparents with their two children. One of the children, three-year-old David, discovered a handgun left out on Grandparent's bed. The gun discharged and David was fatally injured.

¶ 3 Parents then commenced the instant action, alleging Grandparents' negligence. Upon presentation of the evidence, Parents requested a jury instruction concerning the duty of care arising upon possession or control of a dangerous instrumentality, but the trial court refused to so instruct the jury. Instead, and over Parent's objection, the trial court instructed the jury that Grandparents, as licensors, owed only a duty to keep their premises in a reasonably safe condition for

the use of licensees, and to remove or warn of hidden dangers.

¶ 4 Upon consideration of the evidence, the jury returned a verdict for Grandparents. Parents moved for a new trial for error in instruction of the jury. The trial court acknowledged the error, and granted the motion for new trial.

¶ 5 In this appeal, Grandparents assert the trial court manifestly and materially erred in granting Parents' motion for new trial because the jury was not misled by the trial court's refusal of Parent's requested instruction and because the jury instructions as a whole accurately stated the law. In this respect, a verdict will not ordinarily be disturbed for error in instruction of the jury unless it appears the jury was thus misled and reached a different conclusion than they would have reached but for the instructions given or refused. *See, e.g., Cimarron Feeders, Inc. v. Tri–County Elec. Coop., Inc.,* 1991 OK 104, ¶ 5, 818 P.2d 901, 902.

¶ 6 Furthermore, "[a] trial court is vested with broad discretion in granting or denying a new trial[,] [and] [u]nless it is apparent that the trial court erred in some pure simple question of law or acted arbitrarily the ruling will not be disturbed on appeal." *McMinn v. City of Oklahoma City,* 1997 OK 154, ¶ 19, 952 P.2d 517, 522. (Citations omitted.) But:

> [W]here [a] new trial is granted by the same judge who tried the case, a much stronger showing of error or abuse of discretion is required in order for this Court to reverse than if a party was appealing a refusal to grant a new trial[,] [and] the decision of a trial court to grant a new trial will not be reversed "unless it can be seen beyond all reasonable doubt that the trial court has manifestly and materially erred."

*Austin v. Cockings,* 1994 OK 29, ¶ 10, 871 P.2d 33, 34–35. (Citations omitted.)

¶ 7 In the present case, we cannot say the trial court manifestly and materially erred in granting Parents' motion for new trial. Once Parents showed that Grandparents were in control of the handgun, a dangerous instrumentality, the law imposed on them a heightened duty of care to David, a child of tender years, regardless of his status as trespasser, invitee or licensee:

> One in possession or control of a dangerous instrumentality accessible to children of tender age is required by law to exercise the highest degree of care to prevent them from being injured thereby. [T]hat firearms are an extraordinarily dangerous instrumentality is established beyond question. .... [T]his rule obtains regardless of whether the children are trespassers, if there is a reasonable probability that they may obtain access to such dangerous instrumentality, and injury results to them thereby.

*Hart v. Lewis,* 1940 OK 273, ¶ 5, 103 P.2d 65, 67–68.[1] In failing to instruct in accord with this standard as requested, the probability that the jury was misled is significant:

> By refusing to include th[e] instruction, the applicable law on the issues was withheld from the jury and gives rise to a probability that jurors were misled, thereby reaching a different conclusion than they would have, but for the refusal to give the proposed instruction.

*Cimarron Feeders, Inc.,* 1991 OK 104, ¶ 15, 818 P.2d at 903. We therefore conclude the trial court did not err in granting Parents' motion for new trial.[2]

¶ 8 The order of the trial court is therefore AFFIRMED.

ADAMS, P.J., and BUETTNER, J., concur.

---

1. *See also, Ohio Casualty Ins. Co. v. Todd,* 1991 OK 54, ¶ 8, 813 P.2d 508, 513, fn. 11 (Opala, C.J., concurring.)

2. Having so held, we decline the parties' invitation to advise the trial court concerning other instructions that may or may not be warranted upon the evidence at new trial. *See, e.g., Rogers v. Excise Board,* 1984 OK 95, ¶ 15, 701 P.2d 754, 761 (appellate courts do not decide abstract or hypothetical questions disconnected from the granting of actual relief.)