BURNS v. COMBITES



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:BURNS v. COMBITES

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 BURNS v. COMBITES
2020 OK CIV APP 11
Case Number: 116961
Decided: 12/23/2019
Mandate Issued: 03/11/2020
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2020 OK CIV APP 11, __ P.3d __

 

PAMELA BURNS, an individual, Plaintiff/Appellant,
v.
MAUREEN MARKS COMBITES, an individual, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
CLEVELAND COUNTY, OKLAHOMA

HONORABLE SCOTT F. BROCKMAN, TRIAL JUDGE

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS

Noble K. McIntyre, Jordan Klingler, David L. Thomas, MCINTYRE LAW, P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellant

Gerard F. Pignato, RYAN WHALEY COLDIRON JANTZEN PETERS & WEBBER, PLLC, Oklahoma City, Oklahoma, and
Seth Killman, OFFICE OF MICHAEL H. GITHENS, Oklahoma City, Oklahoma, for Defendant/Appellee

KEITH RAPP, JUDGE:

¶1 Trial court plaintiff, Pamela Burns, appeals the trial court's denial of her motion for new trial after the trial court entered judgment on a jury verdict in favor of Defendant, Maureen Marks Combites, and against Plaintiff.

BACKGROUND

¶2 Plaintiff and Defendant were involved in a motor vehicle accident in Norman, Oklahoma, on June 2, 2014. Plaintiff brought this negligence action against Defendant alleging she sustained personal injuries as a result of the motor vehicle accident and seeking damages.

¶3 In her Answer, Defendant admitted there was a motor vehicle accident, but denied Plaintiff's alleged injuries were caused or aggravated by the motor vehicle accident. Defendant alleged Plaintiff's injuries were pre-existing health problems.

¶4 The case proceeded to jury trial on January 29-30, 2018. The evidence and testimony at trial indicated that, on the date of the accident, Plaintiff was driving south in the far right lane of NW 24th Avenue, a four-lane road. Defendant was driving north in the left lane of NW 24th Avenue. After being waved through by a man in the left lane driving south, Defendant began a legal left turn into a parking lot. Plaintiff did not see Defendant and "T-boned" Defendant's vehicle on the passenger side.

¶5 Plaintiff testified that she told her son, who was with her at the time of the collision, her leg was hurting and she was worried about her neck because she had previously had neck surgery. Plaintiff stated she refused medical treatment and an ambulance at the scene. Plaintiff also testified she waited twenty-two days after the accident to seek medical treatment because she thought the pain would go away. The evidence at trial showed that Plaintiff initially said she did not think she was injured, but then specified she needed to have a "couple things checked out."[1]

¶6 Defendant testified Plaintiff and Plaintiff's son told her they were "ok" after the accident. Defendant also stated no one called an ambulance because no one was injured. Defendant also testified Plaintiff made statements at the accident scene that made Defendant think she would be sued by Plaintiff.

¶7 The evidence at trial indicated Plaintiff had an extensive past medical history, including a neck fusion and removal of a synovial cyst to relieve symptoms to her back, hip, and pain radiating down her left leg.

¶8 In 2000 or 2001, Plaintiff was in a motor vehicle accident and broke her neck, which required neck fusion surgery. After complaints of back pain, hip pain and pain radiating into her left leg, Plaintiff had surgery by Dr. Barry to remove a synovial cyst in December 2012. The evidence at trial also showed Plaintiff saw Dr. Barry in February 2013 and August 2013 complaining about right-side radicular leg pain.

¶9 Plaintiff testified she sustained injuries to her back and right leg as a result of the present accident. Plaintiff stated the soreness to her neck and back from the accident subsided. Plaintiff testified that after the accident, she first sought medical treatment on June 24, 2014, with her primary care physician, Dr. Nagode. Plaintiff testified Dr. Nagode referred her for an MRI and to be seen by Dr. Barry, who previously performed the surgery to remove Plaintiff's cyst. Dr. Barry referred Plaintiff to Dr. Pitman for EMG testing, who determined she had nerve damage in her right leg. Plaintiff stated she then went to Accident Care and Treatment Center and had an MRI on her right hip in an attempt to determine the source of her pain. Plaintiff testified she saw Dr. Mitchell for pain management. Dr. Mitchell subsequently gave Plaintiff three lumbar epidural steroid injections that Plaintiff stated were not helpful. Dr. Mitchell referred Plaintiff to Qualls Stevens, D.O., in May 2015. After examination, Dr. Stevens recommended Plaintiff undergo an anterior lumbar fusion.

¶10 Plaintiff and Defendant presented conflicting medical testimony. Plaintiff's expert, Dr. Qualls Stevens, testified Dr. Mitchell referred Plaintiff to him for low back and right lower extremity pain. Dr. Stevens testified his diagnosis was "intractable back pain with radiating pain" and recommended Plaintiff have an anterior lumbar fusion surgery. He further opined that it was "more likely true than not that [Plaintiff] was injured from the collision."[2] Dr. Stevens stated Plaintiff's pain pattern was different than before and was also to a different extremity. On cross-examination, Dr. Stevens admitted he was unaware of Plaintiff's prior complaints of right leg pain in 2012 and 2013. Dr. Stevens stated Plaintiff told him her right leg pain was new since the accident, but Plaintiff told him of her prior left leg issues. Dr. Stevens also admitted he had not reviewed Plaintiff's medical records prior to 2014.

¶11 Defendant's expert, Stephen Conner, M.D., noted Plaintiff had experienced right side symptoms in 2012 and 2013. Dr. Conner also noted there was a finding that there was no significant change from the 2013 and 2014 MRIs. Dr. Conner testified that since Plaintiff had prior issues with her right side, Plaintiff had an exacerbation of prior right side symptoms. Dr. Conner stressed that Plaintiff told Dr. Stevens she had never experienced right leg pain, when the medical records clearly showed otherwise.

¶12 At trial, Defendant admitted she breached her duty to Plaintiff and caused the accident, but denied the remaining elements of liability, including that Plaintiff's injuries were caused by the motor vehicle accident. At the conclusion of all the evidence, Plaintiff moved for a directed verdict as to liability, which the trial court denied.

¶13 The trial court instructed the jury. The jury received two verdict forms: a blue form for a verdict for Plaintiff and a pink form for a Defendant verdict. The jury returned a pink verdict form unanimously finding in favor of Defendant and awarding Plaintiff no damages. Plaintiff moved for Judgment Notwithstanding the Verdict, which the trial court denied.

¶14 On March 9, 2019, Plaintiff filed a motion for new trial per 12 O.S.2001 § 651(4)(6) and (8). Plaintiff argued the trial court erred in failing to direct a verdict on the issue of liability for Plaintiff and the jury verdict was not supported by the uncontroverted evidence. Plaintiff also argued Defendant admitted liability at trial and, therefore, the trial court should have submitted the case to the jury for a determination of damages only.

¶15 In addition, Plaintiff argued she was entitled to a new trial because the verdict was not supported by the evidence. Plaintiff asserted "it is the law in Oklahoma that in cases of admitted liability, a zero damages verdict cannot stand where there is any uncontroverted evidence of some damages." Plaintiff alleged there was evidence that the injuries she sustained in the automobile accident were causally related to the accident, or were an aggravation of prior injuries.

¶16 After hearing argument, the trial court denied Plaintiff's motion for new trial and entered an Order memorializing the decision, filed on March 27, 2018. Plaintiff appeals the trial court's Order on Plaintiff's Motion for New Trial.

STANDARD OF REVIEW

¶17 The standard for reviewing the denial of a motion for new trial is abuse of discretion. Lierly v. Tidewater Petroleum Corp., 2006 OK 47, ¶ 15, 139 P.3d 897, 902. "A court abuses its discretion when it uses that standard to an end or purpose that is justified neither by reason nor by evidence. Abuse of discretion lies in a manifestly unreasonable act, supported by untenable grounds or reasons." Lerma v. Wal-Mart Stores, Inc., 2006 OK 84, ¶ 6, 148 P.3d 880, 883 (citation omitted).

¶18 "[T]he standard of review for jury instructions given or refused is whether a probability exists that jurors were misled, thereby reaching a different conclusion than they would have reached but for questioned instruction(s)." Cimarron Feeders, Inc. v. Tri-County Elec. Coop., Inc., 1991 OK 104, ¶ 5, 818 P.2d 901, 902. This Court must consider "the accuracy of the statement of law, the applicability of the instructions to the issues when the instructions are considered as a whole, and above all, whether the probability arose that jurors were misled and reached a different conclusion due to an error in the instruction." Id. at ¶ 6, 818 P.2d at 902. This Court will not reverse a judgment based on misdirection of the jury unless it concludes that the error probably resulted in a miscarriage of justice. 20 O.S.2011 § 3001.1.

ANALYSIS

¶19 Plaintiff first argues the trial court erred in denying Plaintiff's Motion for New Trial because the trial court submitted a general verdict form to the jury after Defendant admitted liability. Plaintiff contends the general verdict form the trial court submitted to the jury instructed the jury to determine whether Defendant was liable in this action, an element Defendant admitted. Plaintiff argues the only issue for the jury was to determine if Plaintiff sustained any damages as a result of the accident and, if so, the amount of those damages.

¶20 At trial, Defendant's attorney stated in his Opening Statement that Defendant admitted she was at fault for the accident.[3] Defendant's attorney continued, "Where we disagree [with Plaintiff] is injury causation and damages."[4] Defendant also testified that she did not deny responsibility for the motor vehicle accident, but denied Plaintiff's injuries were caused by the motor vehicle accident.

¶21 At the conclusion of the evidence, the trial court instructed the jury regarding the issues and applicable law. In Instruction No. 7, concerning the issues involved in the case, the trial court specifically stated that Defendant confessed she caused the motor vehicle collision. Instruction No. 7 stated:

¶22 Instruction No. 7 The Issues in the Case -- No Counterclaim

The parties in this case are Pamela F. Burns, the Plaintiff and Maureen Marks Combites, the Defendant.

The parties agree a motor vehicle collision occurred on June 2, 2014, at or near 24th Avenue NW and Main Street in Norman, Oklahoma.

The Defendant has admitted responsibility for causing the collision.

The issues in this case to be determined by you are:

1. Whether the Plaintiff was injured; and
2. Whether the injuries were caused by this collision.

If you find both of these issues in favor of Plaintiff, Pamela F. Burns, then you should determine what damages she should recover as a result of the injuries from the collision.[5]

(Emphasis added.)

¶23 The trial court also instructed the jury on the elements of negligence in Instruction No. 13. The trial court correctly instructed the jury that Defendant admitted she was negligent and Plaintiff was not required to prove that element. Instruction No. 13 states:

A party claiming damages has the burden of proving each of the following propositions:

First, that they have sustained injury;

Second, that the party from whom they seek to recover was negligent;

And, third, that such negligence was a direct cause of the injury sustained by the claiming party.

In this case, the Defendant has admitted the second element, therefore the Plaintiff need only prove the first and third elements.

(Emphasis added.)

¶24 The trial court also instructed the jury on the definition of negligence and ordinary care in Instruction No. 14[6] and No. 15[7], respectively.

¶25 In addition, the trial court instructed the jury on the use of the color-coded verdict forms in Instruction Nos. 20 and 21. Instruction No. 20 states:

Instruction No. 20 Blue Verdict Form, for Plaintiff -- Directions

If you find that the occurrence with which this lawsuit is concerned was directly caused by the negligence of Defendant, then you shall use the Blue Verdict Form and find in favor of Plaintiff. If you so find, Plaintiff is entitled to recover the full amount of any damages which you may find she sustained as a result of the occurrence.

(Emphasis added.) In Instruction No. 21 concerning the Pink Verdict Form, the court instructed the jury:

Instruction No. 21 Pink Verdict Form -- Directions

If you find the occurrence with which this lawsuit is concerned was not directly caused by the negligence of the Defendant or, if you find that Plaintiff has failed to prove she was injured, then you shall use the Pink Verdict Form and find in favor of Defendant.

(Emphasis added.)

¶26 After the trial court instructed the jury and the jury deliberated, the jury returned a verdict using the Pink Verdict form in favor of Defendant and did not award any damages to Plaintiff.

¶27 "Instructions are explanations of the law of a case which enable a jury to understand its duty and to arrive at a correct conclusion. The instructions need not be ideal, but they must reflect the Oklahoma law regarding the subject at issue." Johnson v. Ford Motor Co., 2002 OK 24, ¶ 9, 45 P.3d 86, 90-91. "It is the trial court's duty to instruct on the fundamental issues of a case." Taliaferro v. Shahsavari, 2006 OK 96, ¶ 25, 154 P.3d 1240, 1247. "When reviewing jury instructions, the standard of review require the consideration of the accuracy of the statement of law as well as the applicability of the instructions to the issues." Johnson, 2002 OK 24 ¶ 16, 45 P.3d at 92. "The test of reversible error in giving jury instructions is whether the jury was misled to the extent of rendering a different verdict than it would have rendered had the errors not occurred." Taliaferro, 2006 OK 96 ¶ 25, 154 P.3d at 1248. An instruction susceptible of two constructions is erroneous because it has tendency to confuse and mislead the jury. Carpenter v. Connecticut Gen. Life Ins. Co., 68 F.2d 69, 73 (10th Cir. 1933).

¶28 Here, although Defendant admitted responsibility for the motor vehicle accident, the trial court instructed the jury on the definition of negligence in Instruction No. 14, stating the issue was one "for [the jury] to decide." The court also instructed the jury on ordinary care in Instruction No. 15, an unnecessary instruction considering Defendant had admitted she caused the accident. The question of whether Defendant was negligent was not properly before the jury because Defendant had admitted she caused the accident.

¶29 Furthermore, Instruction No. 20 and No. 21 gave the jury the option of finding that the motor vehicle accident was not caused by Defendant's negligence, a fact already admitted by Defendant.

¶30 The only issues that needed to be presented to the jury were whether Plaintiff sustained injury caused by the collision and, if so, the amount of damages for injuries the Plaintiff sustained as a result of the collision. The jury instructions regarding negligence correctly stated the law, but as written were inapplicable to the facts in this case because Defendant had admitted liability for the collision. In addition, Instruction Nos. 20 and 21 incorrectly charged the jury with deciding whether the motor vehicle accident was directly caused by Defendant's negligence, an element Defendant admitted.

¶31 After deliberations, the jury returned a verdict using the Pink Verdict form in favor of Defendant, without awarding Plaintiff any damages. Based on the language of Instruction No. 21, this Court is unable to determine whether the jury found Defendant was not negligent or found Plaintiff sustained no injuries caused by the accident. Furthermore, by instructing the jury that it was to decide the question of negligence, the trial court erred in placing an additional burden of proof on Plaintiff. This Court finds the jury instructions as given were misleading to the jury and the jury may have reached a different conclusion due to the errors in the jury instructions.

¶32 This Court finds this issue dispositive and, therefore, does not address the remainder of Plaintiff's allegations of error.

CONCLUSION

¶33 Based on the foregoing, this Court finds the trial court erred in its giving of instructions to the jury. The instructions given by the trial court gave rise to a probability that the jury was misled. Thus, this Court finds the trial court erred in denying Plaintiff's Motion for New Trial. The trial court's Order on Plaintiff's Motion for New Trial denying Plaintiff's motion for new trial is reversed and this matter is remanded for further proceedings consistent with this Opinion.

¶34 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

BARNES, P.J., and WISEMAN, V.C.J., concur.

FOOTNOTES

[1] Statement taken June 16, 2014, Record, Plaintiff's Exhibit 31.

[2] Videotaped Trial Deposition of Qualls E. Stevens, DO, MBA, p. 17.

[3] Transcript, January 29 and 30, 2018, p. 12, lines 1-15.

[4] Transcript, January 29 and 30, 2018, p. 12, lines 11-12.

[5] Record, p. 18.

[6] Instruction No. 14 Negligence -- Defined states:

Since this lawsuit is based on the theory of negligence, you must understand what the terms "negligence" and "ordinary care" mean in the law with reference to this case.

"Negligence" is the failure to exercise ordinary care to avoid injury to another's person or property. "Ordinary care" is the care which a reasonably careful person would use under the same or similar circumstances. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide. Thus, under the facts in evidence in this case, if a party failed to do something which a reasonably careful person would do, or did something which a reasonably careful person would not do, such party would be negligent.

(Emphasis added.)

[7] Instruction No. 15 Ordinary Care Defined states:

Ordinary care is the care which a reasonably careful person would use under the same or similar circumstances.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1991 OK 104, 818 P.2d 901, 62 OBJ 3111, Cimarron Feeders, Inc. v. Tri- County Elec. Coop., Inc.
Discussed
 2002 OK 24, 45 P.3d 86, JOHNSON v. FORD MOTOR CO.
Discussed at Length
 2006 OK 47, 139 P.3d 897, LIERLY v. TIDEWATER PETROLEUM CORPORATION
Discussed
 2006 OK 84, 148 P.3d 880, LERMA v. WAL-MART STORES, INC.
Discussed
 2006 OK 96, 154 P.3d 1240, TALIAFERRO v. SHAHSAVARI
Discussed at Length
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 651, New Trial - Definition - Causes for
Cited
Title 20. Courts
 Cite
Name
Level

 20 O.S. 3001.1, Setting Aside Judgment on Ground of Misdirection of Jury or Error in Pleading or Procedure
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA